James Boyd **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. C14–87–087–CR, A14–87–088–CR and B14–87–089–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1988.

Darryl G. Campbell, Houston, for appellant.

John B. Holmes, Jr., Lynne W. Parsons, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

James Boyd Coleman appeals two felony convictions for aggravated robbery and one felony conviction for robbery. On pleas of nolo contendere pursuant to a plea bargain agreement the court found appellant guilty and sentenced him to fifteen years in each case, said sentences to run concurrently. The court found a deadly weapon was used in the two aggravated robbery cases. We affirm.

In one point of error appellant contends the trial court erred in accepting his pleas as being voluntary.

Although appellant's brief fails to specifically allege the grounds supporting his claim that his pleas were involuntary, we interpret his assertions to be (1) the trial judge erroneously entered into plea bargain negotiations, (2) appellant lacked confidence in his attorney, and (3) appellant desired a jury trial.

The hearing on the pleas arose from two aggravated robbery indictments and one robbery indictment. Initially, appellant stated he desired a jury trial on each of the three robbery charges.

At the hearing the court advised appellant of the indictments against him, his rights under the laws of the State of Texas and the court's discretion to make sentences run consecutively rather than concurrently if each case was tried separately. The prosecuting attorney offered appellant a plea bargain of fifteen years on each of the robbery offenses, all to run concurrently with an affirmative finding of a deadly weapon.

During the hearing, appellant asked that he be given an opportunity to speak with the judge in private. Appellant's attorney and the prosecuting attorney both consented to appellant's request.

After numerous conversations with his attorney and dialogue with the court, appellant changed his plea to nolo contendere. The judge discussed with appellant his rights under federal and state law and

questioned appellant extensively as to whether he was of sound mind when appellant entered his nolo contendere pleas. The court held that appellant's pleas were entered freely and voluntarily and were not entered into as the result of coercion. The court accepted appellant's pleas and sentenced him to the plea bargained sentences of fifteen years incarceration for each robbery offense, said sentences to run concurrently.

■ First, appellant contends that the trial judge participated in the plea bargaining stage of the trial by trying to influence the defendant to accept the state's plea bargain offer in order to speed the judicial process. After examining the record, we find that appellant's contention is unfounded. The judge was attempting to explain to appellant the difference between accepting the state's plea bargain offer in which the sentences would run concurrently and receiving a trial by jury where appellant would run the risk of receiving a more harsh jury sentence. The judge cited a recent case where a jury had imposed a seventy-five year sentence on a defendant in a robbery case similar to appellant's case. The judge also explained to appellant the difference between sentences running concurrently and sentences running consecutively. When the prosecutor told appellant that the sentences would be stacked if they were tried separately, the judge corrected the prosecutor's statement by saying it was within the judge's discretion whether sentences were stacked but it was commonly done.

Appellant accuses the judge of entering the plea bargain negotiations when the judge asked the prosecutor if he "would waive the aggravated portion" of the indictment and also when the judge met privately with the appellant in chambers.

■ The record reflects that the private meeting between the judge and appellant was held at *appellant's* request. The meeting was consented to by appellant's attorney and the prosecutor and lasted one to two minutes. Furthermore, the judge testified at the hearing on the motion for new trial that *appellant* asked the judge if

he would ask the prosecutor to drop the finding of a deadly weapon. It is clear from our review of the record that there was no evidence of coercion or misleading on the part of the trial judge that would have forced appellant to enter his nolo contendere plea. However, a judge should always avoid even the appearance of involvement in plea negotiations and should never take a defendant into his chambers for a private meeting without a court reporter to record the meeting.

While the trial court's actions border on involvement in plea bargaining negotiations, we find that the judge was not involved in any way with getting appellant to enter a nolo contendere plea. Appellant's first point of error is overruled.

■ Appellant further asserts that his pleas were involuntary because appellant lacked confidence in his court appointed attorney. Appellant does not specifically assert error based on ineffective assistance of counsel, he merely asserts that he "lacked confidence" in his attorney. The record indicates that the trial judge asked appellant during the trial whether appellant had any objections to his attorney. Appellant responded that he had no objections. Moreover, the court made a finding that appellant's counsel was a competent criminal defense attorney.

Appellant was concerned throughout the trial that a finding of a deadly weapon would be made. The record shows that appellant's attorney, on several different occasions, asked the prosecuting attorney if he would drop the finding of a deadly weapon in the indictment. There is no evidence in the record that appellant's attorney was ineffective. On the contrary, the record illustrates that appellant himself had no objections to his court appointed attorney. Appellant's assertions that his pleas were involuntarily made because of his lack of confidence in his attorney are totally without merit and are overruled.

■ In conclusion, appellant argues that his pleas were involuntarily made because he wanted a jury trial. The record reflects that appellant initially requested a jury tri-

al. However, the record also reflects that there were extensive discussions concerning the last plea bargain offer and appellant's rights to a jury trial. The court admonished appellant several times of his rights to a jury trial. Appellant spoke with his attorney several times and learned of all the evidence the state would present against him if the three robbery charges were tried. It was after all of these conversations that appellant explicitly told the court that he wished to change his plea to nolo contendere. Furthermore, appellant told the court that he freely and voluntarily signed the judicial confessions. The pertinent portion of the record is set out below:

Q. Let me show you what has been marked as State's Exhibit No. 1 in four causes. Four different cause numbers and four State's Exhibit No. 1's. In each exhibit is two pages and these are in Cause No. 434,265, 416,205, 438,982 and 433,921. I want to show you each of the State Exhibit 1's in four cause numbers I have just stated. Direct your attention to the line marked Defendant. Is that your signature on each of these lines?

A. Yes.

Q. Did you freely and voluntarily sign that?

A. Yes.

Q. Okay. When you signed that, Mr. Coleman, in all four of these cases did you realize you were waiving the right set out on the top of the page? The rights the Judge just went over. Mainly, the right to a trial by jury, appearance and confrontation and cross examination of witnesses and also your right against self-incrimination?

A. Yes.

Q. Is that what you want to do?

A. Yes.

Appellant's attorney went through each plea paper, line by line with appellant. Appellant's attorney testified at the motion for new trial that there was no doubt that appellant understood the effect of the documents that he signed.

The evidence is clear and uncontradicted that appellant voluntarily pleaded nolo contendere to the two aggravated robbery indictments and the robbery indictment. The court acted properly when it accepted appellant's pleas of nolo contendere. Point of error one is overruled.

Accordingly, the judgment of the trial court is affirmed.