Oscar **REYNA**, Appellant,

v.

**The STATE of Texas, Appellee.**

Nos. 04–98–00363–CR to 04–98–00366–CR.

Court of Appeals of Texas, San Antonio.

Feb. 24, 1999.

Rehearing Overruled March 23, 1999.

## OPINION

CATHERINE STONE, Justice.

Oscar Reyna appeals four convictions for the offense of theft. Because we find Reyna executed a knowing and voluntary waiver of appeal in each case, we affirm his convictions.

### PROCEDURAL HISTORY

Reyna was separately indicted for four counts of theft over $1,500.00. The cases, each involving a different victim, were consolidated for one jury trial. The jury returned a guilty verdict on each count. Following the jury's verdict, Reyna changed his election of jury-assessed punishment to court-assessed punishment. In connection with his change of election, Reyna and the State entered into a punishment agreement. In each case, the State agreed to recommend to the trial court punishment at two years confinement in the state jail, suspension of the sentence, and placement on community supervision for four years. Additionally, the State agreed to recommend that the trial court order Reyna to pay restitution in each case. The trial court assessed punishment in each case in accordance with the punishment agreement. After the trial court assessed punishment, a written waiver of motion for new trial, waiver of motion in arrest of judgment, and waiver of appeal was tendered to the court. Reyna filed a *pro se* notice of appeal in each cause without obtaining the trial court's permission to appeal.

Mark Stevens, San Antonio, for Appellant.

Roberto Serna, District Attorney, Robert Lee Little, Assistant District Attorney, Eagle Pass, for Appellee.

Before CATHERINE STONE, Justice, PAUL W. GREEN, Justice and KAREN ANGELINI, Justice.

### Waiver of Appeal

■ It is well settled that a defendant may waive his right to appeal. *Faulder v. Hill*, 612 S.W.2d 512, 514 (Tex.Crim.App. 1980); *Riley v. State*, 963 S.W.2d 932, 933 (Tex.App.—Austin 1998, pet. ref'd); *Turner v. State*, 956 S.W.2d 789, 790 (Tex. App.—Waco 1997, no pet.); *Doyle v. State*, 888 S.W.2d 514, 517 (Tex.App.—El Paso 1994, pet. ref'd). However, not all written waivers are effective. The timing of the

waiver's execution and/or tender to the trial court dictates whether it will prevent the defendant's appeal absent the trial court's permission. The Court of Criminal Appeals has held that a waiver executed prior to trial and sentencing, as a matter of law, is not binding on the defendant because the defendant "has no way of knowing with certainty what punishment would be assessed or the errors that might have occurred at trial." *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim.App. 1976). In such a case, the uncertainty under which the waiver was executed prevents it from being knowingly and intelligently made. *Id.* However, a waiver made **after sentencing** is binding upon the defendant and it will prevent a defendant from appealing without the trial court's consent. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Ex parte Dickey,* 543 S.W.2d 99, 104 (Tex.Crim.App. 1976), *overruled in part, Ex parte Hogan,* 556 S.W.2d 352 (Tex.Crim.App.1977); *Riley,* 963 S.W.2d at 933. In such a case, knowledge of the full proceeding clearly alleviates concerns regarding voluntariness of the waiver and therefore the waiver is effective.

At the start of the sentencing hearing in the instant case, the court inquired into the terms of the plea bargain. After the State announced its recommendations, counsel for Reyna indicated that he may challenge certain aspects of the case on appeal, namely indictment error and possibly sufficiency of the evidence. The court and Reyna's attorney then discussed certain conditions of Reyna's probation. Displeased, Reyna's attorney informed the court that he would appeal the case if the court imposed a sixty-day jail sentence as a condition of probation, to which the court inquired: "So the plea agreement does not include a waiver of the defendant's right to appeal?" The State responded that a waiver of appeal was not part of the sentencing agreement. The court then asked for a recess to speak with both attorneys in chambers. When the hearing resumed, the court pronounced sentence in each cause in accordance with the sentencing agreement; a sixty-day jail sentence was not imposed as a condition of probation. At the hearing's close, the State asked to introduce into evidence Reyna's written waiver of motion for new trial, waiver of motion of judgment, and waiver of appeal. Prior to the document's introduction into evidence, the State asked Reyna a number of questions about the document, including whether he conferred with his attorney before signing it, whether he fully understood the nature and consequences of the waivers, whether he freely and voluntarily signed the document, and whether the document bore his signature and that of his attorney. Reyna answered each question affirmatively and the document was introduced into evidence, without objection, for each case.

▪ The State argues that this court lacks jurisdiction over Reyna's appeals in light of his written waiver of appeal tendered to the trial court **after sentencing**. We disagree.[1] Parties cannot by agreement confer or waive a court's jurisdiction. *Hill v. State,* 929 S.W.2d 607, 609 (Tex. App.—Waco 1996, no pet.) (quoting *Stine v. State,* 908 S.W.2d 429, 431 (Tex.Crim. App.1995)). Reyna's waiver of appeal does not defeat our jurisdiction over his appeals; it only means that his appeals will not be successful because the complained-of errors have been waived. *See id.* (relying upon *Jack v. State,* 871 S.W.2d 741, 744 (Tex.Crim.App.1994) (defendant's waiver of nonjurisdictional defects occurring prior to entry of plea in nonnegotiated plea does not divest appellate court of jurisdiction; it

1. Other courts of appeal have determined that this type of waiver deprives the court of jurisdiction over the appeal. *See e.g., Bushnell v. State,* 975 S.W.2d 641 (Tex.App.—Houston [14 Dist.] 1998, pet. ref'd); *Riley v. State,* 963 S.W.2d 932 (Tex.App.—Austin 1998, pet. ref'd); *Turner v. State,* 956 S.W.2d 789 (Tex. App.—Waco 1997, no pet.); *Freeman v. State,* 913 S.W.2d 714 (Tex.App.—Amarillo 1995, no pet.); *Doyle v. State,* 888 S.W.2d 514 (Tex. App.—El Paso 1994, pet. ref'd).

means that defendant will not ultimately prevail in his appeal)).

■ Reyna contends he is not bound by the waiver because the State has failed to demonstrate it was knowingly and voluntarily made. He first challenges the document itself, arguing that the absence of specific wording such as "intentional, knowing, or voluntary" renders it incapable of being an effective waiver. Reyna points our attention to a form waiver in the Texas Practice Series Manual which expressly represents that the defendant is "voluntarily, knowingly, and voluntarily" waiving the right of appeal. *See* 7A MICHAEL MCCORMICK ET AL., TEXAS PRACTICE: TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 95.03 at 553–54 (10th ed.1995). Reyna further urges that the requirement of such express language, like that required when a defendant is waiving his *Miranda* rights, *see* TEX.CODE CRIM. PROC. ANN. art. 38.22 § 2(b) (Vernon 1989), would provide a bright-line rule for determining that a waiver was knowingly and voluntarily made and, therefore, effective.

■ We agree that the model form contained in the Texas Practice Series Manual illustrates a better manner in which to demonstrate the intentional, knowing, and voluntary nature of the waiver. But, we cannot agree that the inclusion of such "magic language" is the only way to do so. Here, as noted, the record reflects that Reyna was asked whether he conferred with his attorney before signing the waiver, whether he fully understood the nature and consequences of the waiver, whether he freely and voluntarily signed the document, and whether the document bore his signature and that of his attorney. Reyna answered each question affirmatively. Thus, while the waiver itself does not contain Reyna's sought-after language, the record affirmatively demonstrates that he was directly questioned about both his understanding of the document and the voluntariness of his action. Further, unlike with the written waiver of *Miranda* rights, the Legislature has neither mandated the

form which a waiver of appeal must take nor the recitals which must be contained in a waiver of appeal for it to be effective. Thus, we decline to step outside our roles and judicially create such a requirement.

Finally, Reyna challenges the effectiveness of the waiver on the grounds of his language barrier. He contends that the waiver of appeal, at a minimum, should have been written in Spanish, not English. He further complains that the record at the sentencing hearing does not affirmatively demonstrate whether an interpreter, who was present throughout trial, was present at the sentencing hearing.

■ We have found no authority nor has any authority been cited to this court which requires documents to be written in any language other than English, and, therefore, we decline to find the waiver ineffective on that basis. In doing so, however, we do not quarrel with the underlying principle that Reyna's waiver would be ineffective if he did not understand the nature and effect of the document. With that in mind, we turn to Reyna's second argument in which he suggests that the interpreter's absence at the sentencing hearing prevented him from making a knowing and voluntary waiver.

The appointment of an interpreter is statutorily mandated when the defendant does not understand English. TEX.CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon 1998); *see Baltierra v. State*, 586 S.W.2d 553, 559 (Tex.Crim.App.1979). The record from the guilt/innocence stage of trial reflects that an interpreter was present. While the record from the sentencing agreement does not affirmatively reflect the presence of an interpreter, we cannot presume, absent firm proof to the contrary, that the trial court abrogated its duty to ensure that Reyna understood the proceeding. Our record, as noted, affirmatively reflects that questions were posed to Reyna in English and he responded in English. Again, absent firm proof to the contrary, we cannot presume that Reyna

did not understand the exchange or the import of his answers.

We find that Reyna knowingly and voluntarily waived his right to appeal his convictions. Therefore, we affirm the judgments of the trial court.