**Rodrigo PENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–97–493–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 10, 1999.

Ellen B. Mitchell, Crofts, Callaway & Jefferson, P.C., San Antonio, for Appellant.

Ori T. White, District Attorney, Fort Stockton, for State.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice CHAVEZ.

Appellant Rodrigo Pena pleaded guilty to possession of marijuana between 50 and 2000 pounds. In accordance with a plea bargain, he was sentenced to ten years in prison. On appeal he contends that the trial court erred in overruling his pretrial petition for writ of habeas corpus. We hold that he waived his right to appeal and affirm the judgment of the trial court.

On March 13, 1997 appellant appeared before the trial court and the plea agreement for a recommendation of no more than thirteen years in prison was explained to the trial court. The trial court accepted the plea agreement and found appellant guilty, but postponed sentencing for a later date. That same day appellant signed a "Waiver of Right to Appeal." On June 13, 1997 appellant was sentenced to ten years in prison. After the judge had pronounced the sentence, the State submitted appellant's waiver of his right to appeal.

Appellant contends that his waiver is invalid because it was made prior to sentencing. In 1976 and 1977 the court of criminal appeals issued a series of opinions invalidating waivers of appeal made prior to sentencing. *See Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim.App.1977); *Bailey v. State,* 543 S.W.2d 653, 655 (Tex. Crim.App.1976); *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim.App.1976); *Ex parte Dickey,* 543 S.W.2d 99, 101 (Tex. Crim.App.1976). At that time, a defendant who wished to plead guilty did not have the right to withdraw his or her plea if the trial judge refused to follow the plea agreement.[1] Therefore, the court condemned the practice of requiring a defendant to waive the right of appeal before the defendant knew what the punishment would be or what errors would be committed by the trial court. *Dickey,* 543 S.W.2d at 101.

Now that a defendant has the right to withdraw a guilty plea if the trial court does not follow the plea agreement, courts have questioned whether this rule still applies. *See Bushnell v. State,* 975 S.W.2d 641, 642–44 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd) (refusing to follow *Thomas* because concerns underlying rule are no longer present); *see also Delatorre v. State,* 957 S.W.2d 145, 149 (Tex.App.—Austin 1997, pet. ref'd) (*Thomas* rule did not apply because appellant waived right to appeal with full knowledge of his sentence). We also question the continued applicability of this rule.

However, even if the rule still applies, the waiver in this case remains valid because it was not presented to the trial court until after sentencing. In *Reyna v. State,* 993 S.W.2d 142, 144–45 (Tex.App.—San Antonio 1999, no pet. h.), Reyna was found guilty by a jury and elected to have the judge assess punishment. Before sentencing, a plea agreement was reached,

---

1. This right is now found in Tex.Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon 1989).

and Reyna was to waive his right to appeal under the agreement. The court accepted the plea bargain and sentenced Reyna in accordance with it. After the trial court assessed punishment, Reyna's waiver was tendered to the trial court. The San Antonio Court of Appeals held that, because the waiver was not presented to the trial court until after sentencing, the prohibition on pre-sentencing waivers did not apply and Reyna's waiver of his right to appeal was valid. *Id.*

■ The instant case originally arose within the jurisdiction of the Fourth District Court of Appeals in San Antonio, but was transferred to this Court. Whether we are obligated to follow the opinions of the transferring court is a matter of much controversy and confusion. *See* Jeffrey D. Kyle & Anne K. Ritchie, *Balkanization of the Texas Appellate System*, 12 THE APPELLATE ADVOCATE, STATE BAR OF TEXAS SECTION REPORT, Feb.1999, at 7–11 (discussing various approaches and lack of consensus or binding rule). We do not attempt to resolve that controversy here. However, we are mindful that, where an issue concerns technical, procedural requirements such as the issue before us (whether a waiver signed prior to sentencing but tendered to the court after sentencing is considered "made" before or after sentencing), practitioners rightfully look to the opinions of the appellate court in their jurisdiction for guidance on accepted practice. We hold that when an appellate court has a case presenting this kind of issue transferred to it, the court accepting the transfer should apply the law of the transferring jurisdiction so as to uphold the rightful expectations of practitioners in the transferring jurisdiction. Accordingly, we consider *Reyna* to be controlling authority in the instant case.

■ Appellant also contends that the record does not establish that his waiver was made knowingly and intelligently. Appellant calls our attention to the brief admonishment given by the trial court before accepting the waiver:

Prosecutor: Judge, we would also like to introduce the waiver of appeal, also.

The Court: You understand part of the plea bargain is that you can't appeal without permission of the court ?

Defendant: Yes.

However, the waiver itself recites knowledge of the right to appeal and the right to appointment of counsel. The waiver also states that it is given "after consulting with my attorney." There is also a signed statement from appellant's attorney, stating "I have consulted with and advised the defendant of the appellate rights described above, and I concur in the defendant's voluntary and knowing waiver of each of the said appellate rights." As *Reyna* noted, neither the legislature nor the court of criminal appeals has ever mandated the form which a waiver of the right to appeal must take nor the recitals which must be present before a waiver is considered effective. *Reyna*, 993 S.W.2d at 145. We consider the statements within the waiver to be adequate to establish that appellant's waiver was made knowingly and voluntarily.

Therefore, following the opinion of the San Antonio court in *Reyna*, we hold that appellant's waiver of his right to appeal was valid because it was made knowingly, intelligently, and voluntarily; and because it was presented to the trial court after sentencing had occurred. We affirm the judgment of the trial court.