Affirmed and Opinion filed November 27, 2002









Affirmed
and Opinion filed November 27, 2002.

 

In The

 

Fourteenth Court
of Appeals

_______________

 

NO. 14-02-00074-CR

_______________

 

PABLO
HERNANDEZ GONZALES, Appellant

 

V.

 



THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from 174th District Court

Harris
County, Texas

Trial Court Cause No. 860,426

                                                                                                                                                

 

O P I N I O N

Appellant, Pablo Hernandez Gonzales, pled no contest to the
charge of murder.  Before entering a
plea, the record reflects he was properly admonished regarding his right to an
interpreter.  The trial court found
appellant guilty and assessed punishment at twenty-five years= confinement.  On appeal, he contends the absence of an
interpreter, sworn under oath, to translate all proceedings constitutes  denial of his right to confront
witnesses, in violation of the Sixth Amendment to the Constitution of the
United States, Art. I, ' 10 of the  Texas Constitution, and Section 38.30
of the Texas Code of Criminal Procedure. 
We affirm.

 

Background








Appellant, a Harris County resident and Guatemalan national,
drank liquor and argued with friends about who had the nicest home in
Guatemala.  Appellant referred to
decedent=s home as trash.  The following afternoon decedent hit
appellant in the mouth.  Appellant went
to his apartment, got a knife, and returned to confront the decedent.  After a hostile word exchange, appellant
stabbed decedent.

Discussion

All persons accused of a crime have a constitutional and
statutory right to confront adverse witnesses. 
See U.S. Const. amend.
VI.; Tex.
Const. Art. I, '
10; Tex. Code Crim. Proc.
Ann. Art. 38.30 (Vernon Supp. 2000).  This right encompasses the more narrow right
to have trial proceedings interpreted in a language one can understand.  Baltierra v. State, 586 S.W.2d 553, 558 (Tex. Crim.
App. 1979).  Appellant attacks the
validity of his conviction, asserting that the failure to appoint an
interpreter prevented him from intelligently and voluntarily waiving his right
to confrontation.

The record shows that prior to entering his plea, appellant executed a document entitled Admonishments.  The pertinent portion reads:

I read and write/understand the Spanish language; the
foregoing Admonishments, Statements, and Waivers as well as the attached
written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
confession, were read by me or were read to me and explained to me in that
language by my attorney and/or an intrepreter, namely
Ana Maria Koeney, before I signed them, and I
consulted fully with my attorney before entering this plea.  

 








The record reflects the court properly admonished appellant before taking
his plea.  Nonetheless, appellant argues
that an interpreter was not provided during his trial proceeding.  Appellant, however, failed to object.  In the absence of any objection, appellant
has failed to preserve error.  See
Saunders v. State, 49 S.W.3d 536, 541 (Tex. App.CEastland 2001, pet. ref=d). 
The clerk=s record reflects that an interpreter was present when
appellant signed the Admonishments. 
While the record from trial proceedings does not affirmatively reflect
the presence of an interpreter, we cannot presume, absent firm proof to the
contrary, that the trial court abrogated its duty.  Reyna v. State, 993 S.W.2d 142, 145
(Tex. App.CSan Antonio 1999, no pet.).

The record on appeal shows that appellant did not object to
the absence of an interpreter.  Because
we cannot presume that the trial court abrogated its duty to provide an
interpreter, we must affirm the judgment of the trial court.  

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed November 27, 2002.

Panel consists of Justices Edelman, Seymore,
and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).