NUMBER 13-00-493-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI-EDINBURG


 


RICHARD GARCIA, III, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 347th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Yañez
 


 Appellant Richard Garcia challenges his conviction for burglary after a jury found
him guilty and the trial court sentenced him to thirty-five years confinement. We dismiss.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite all of them here. See Tex. R. App. P. 47.4.

 In short, after the jury found Garcia guilty, he elected to have punishment assessed
by the trial judge. At the sentencing hearing on June 29, 2000, the judge proposed that
the parties negotiate a punishment lighter than the maximum (1) in exchange for appellant's
waiver of his right to appeal. The parties conferred and agreed upon a term of thirty-five
years confinement in exchange for appellant's waiver. The trial court followed the
punishment recommendation from the state.

Applicable Law

 "It is well settled that a defendant may waive his right to appeal." Reyna v. State,
993 S.W.2d 142, 145 (Tex. App.-San Antonio 1999, pet. ref'd); see Blanco v. State, 18
S.W.3d 218, 219 (Tex. Crim. App. 2000) (quoting Tex. Crim. Proc. Code Ann. § 1.14(a)
(Vernon Supp. 2003)); Faulder v. State, 612 S.W.2d 512, 514 (Tex. Crim. App. 1980). "[A]
knowing and intelligent waiver of the right to appeal will prevent a defendant from
appealing without consent of the trial court." Ex Parte Tabor, 565 S.W.2d 945, 946 (Tex.
Crim. App. 1978). Further, "no attack on the waiver of the right to appeal will be
entertained in the absence of factual allegations supporting the claim that the waiver was
coerced or involuntary." Id.

Analysis

 Garcia contends his waiver was not made knowingly or intelligently but rather was
the result of coercion. He also arguably contends any waiver was rendered involuntary due
to his counsel's deficient performance. We disagree.

 At the sentencing hearing, the following discussion occurred: 

 Court: It's my understanding . . . that your client, himself and the State have
worked into an agreement on the recommendation for a guilty plea where the
State makes a recommendation and the Court accepts it and your client
waives any right to appeal?


 Counsel for appellant: That is correct, Your Honor.


 Court: What's the recommendation?


 State: In exchange for the Defendant agreeing to waive all his rights to
appeal, the State in its consideration is recommending 35 years in TDC,
Your Honor.


 Court: Is that the way your understanding is, Mr. Garcia?


 Appellant: Yes, sir.


 Court: Okay. So the Court is going to follow the recommendation. Is there
any reason why the Court should not impose a sentence at this time?


 Counsel: No, Your Honor.


A case from this Court dealt with a similar situation, where the trial court briefly
admonished the defendant. Pena v. State, 995 S.W.2d 259, 261 (Tex. App.-Corpus
Christi 1999, no pet.). There, we reiterated the concern of the San Antonio Court of
Appeals, that the legislature and the court of criminal appeals have never mandated the
form that a waiver of the right to appeal must take or the recitals that must be present
before a waiver is considered effective. Id.; see Reyna v. State, 993 S.W.2d 142, 145
(Tex. App.-San Antonio 1999, pet ref'd). Like the court in Reyna, "we decline to step
outside our roles and judicially create" a requirement for a model form or magic language
to be used in these situations. Reyna, 993 S.W.2d at 145.

 Here, the record of the sentencing hearing indicates Garcia voluntarily and
knowingly waived his right to appeal in exchange for a lighter sentence recommendation
from the State. "There is no valid or compelling reason why appellant should not be held
to his bargain." Blanco, 18 S.W.3d at 220.

 Garcia also raises issues concerning the trial judge. Appellant contends the judge
erred during the punishment phase by coercing him to waive his right to appeal. 
Additionally, appellant arguably contends his waiver was made unknowingly because of
the judge's failure to more stringently admonish him. We disagree as to both assertions.

 Generally, "[a] judge should avoid involvement in plea negotiations." Doyle v. State,
888 S.W.2d 514, 517 (Tex. App.-El Paso 1994, pet. ref'd) (citing Coleman v. State, 756
S.W.2d 347, 349 (Tex. App.-Houston [14th Dist.] 1988, no pet.)). However, we fail to see
how the judge's statements encouraging appellant to bargain with the State amount to
coercion or involved the judge in the actual negotiating process. (2) Id.

 As for admonitions, we emphasized earlier that the legislature and the court of
criminal appeals have not mandated the form or recitals required for an effective waiver
of the right to appeal. (3) The same can be said regarding how the trial court should
admonish defendants who are considering waiving their right to appeal. We decline to
create a requirement that judges use magic language in these situations. Reyna, 993
S.W.2d at 145. Importantly, the judge asked for acknowledgment of the agreement from
each of the parties involved-appellant, his counsel, and the State. The sentencing hearing
record indicates: (1) appellant and counsel entered negotiations with the State, (2)
appellant understood the resulting agreement, and (3) his counsel approved such
agreement. Thus, the trial court did not err by failing to further admonish appellant.

 Finally, Garcia arguably contends the waiver was a result of counsel's deficient
performance. We disagree.

 In Mitich v. State, this Court noted that:

 to challenge a plea entered as the result of a plea bargain on the basis of
ineffective assistance of counsel, the defendant must demonstrate that (1)
counsel's advice was not within the range of competence demanded of
attorneys in criminal cases, and (2) there is a reasonable probability that, but
for counsel's errors, the defendant would not have pled guilty and would
have insisted on going to trial.


Mitich v. State, 47 S.W.3d 137, 140-41(Tex. App.-Corpus Christi 2001, no pet.) (citing Hill
v. Lockhart, 474 U.S. 52, 58 (1985); Ex Parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim.
App. 1997)). While this case does not involve a plea bargain, we consider the situation
here, involving a waiver in exchange for lesser punishment, analogous. See Freeman v.
State, 913 S.W.2d 714, 717 (Tex. App.-Amarillo 1995, no pet.); Doyle, 888 S.W.2d at
517; Smith v. State, 858 S.W.2d 609, 612 (Tex. App.-Amarillo 1993, pet. ref'd); see also
Blanco, 18 S.W.3d at 220 (quoting Mabry, 467 U.S. 504, 508-10 (1984)). Consequently,
the Mitich standard is useful.

 Garcia's brief to this Court does not address either of the issues raised in Mitich- 
whether counsel's advice regarding the waiver was competent, or whether appellant would
not have waived his right to appeal. Appellant has presented no evidence that his
attorney's actions misled him as to the consequences of his agreement with the State or
prevented him from making a voluntary and informed decision to enter into the agreement
for reduced punishment in exchange for his waiver. The record in this case does not
support appellant's assertion that his waiver was made as a result of ineffective assistance
of counsel. Moreover, appellant clearly benefitted from entering into the agreement with
the State, as he was facing twenty-five to ninety-nine years in jail and he received
punishment of thirty-five years in exchange for his waiver. Appellant failed to meet his
burden of proving that his agreement with the State was made as a result of ineffective
assistance. As such, we hold appellant's waiver was not involuntary or coerced as a result
of counsel's deficient performance.

 Because we hold that Garcia's waiver was made knowingly and intelligently, he can
only proceed by showing the trial court consented to his appeal. Ex Parte Tabor, 565
S.W.2d at 946. Appellant has not shown that the court gave him permission to appeal. 
Hill v. State, 929 S.W.2d 607, 609 (Tex. App.-Waco 1996, no pet.); see Ex Parte Tabor,
565 S.W.2d at 946.

 Because we conclude that the waiver is valid and binding, Garcia is prevented from
bringing this appeal. Id. Therefore, we need not address his remaining assertions, which
are unrelated to the waiver.

 We dismiss the appeal.


 

 LINDA REYNA YAÑEZ

 Justice




Do Not Publish.

Tex. R. App. P. 47.2(b)


Opinion delivered and filed this the

13th day of March, 2003.

1. In this case, the sentencing guidelines prescribed "imprisonment . . . for any term of not more than
99 years or less than 25 years." Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2003).
2. The following discussion took place before the State and appellant came to their agreement on
punishment:


 Court: Your attorney and the attorney for the State can get together and work out a deal
where the State recommends a certain amount of years that the Court will consider. It will
be over 25. It will be something you can live with. And your agreement will be, I will not
appeal.

 

 We'll take a recess. I'll let you all talk. Let your attorney talk to the State and see what they
can come up with. But that's still available, too. It's another chance. You're looking at life
in penitentiary right now, Mr. Garcia.


 Let's take a recess.
3. Pena v. State, 995 S.W.2d 259, 261 (Tex. App.-Corpus Christi 1999, no pet.); Reyna v. State, 993
S.W.2d 142, 145 (Tex. App.-San Antonio 1999, pet. ref'd).