

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00533-CR

Jesse **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR7759W
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: April 13, 2016

AFFIRMED

On August 13, 2015, Appellant Jesse Ibanez Garza was sentenced to ten-years' confinement in the Institutional Division of the Texas Department of Criminal Justice based on his plea to one count of assault, family violence, alleged in a pre-grand jury information. Because the trial court did not follow the plea agreement, Garza maintained the right to appeal his sentence.

On appeal, Garza contends as follows: (1) the trial court erred in adjudicating Garza's guilt prior to informing Garza whether the trial court would follow the recommendation; (2) the trial court erred in usurping the plea-bargaining power that belongs exclusively to the parties; (3) the

trial court erred by failing to affirmatively inquire whether Garza wished to withdraw his plea of no contest; and (4) his defense counsel provided ineffective assistance of counsel. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. July 24, 2015 Plea Hearing

On July 24, 2015, Garza appeared before the trial court on a felony information. Garza agreed to several waivers, including waiving an indictment, the reading of the information, and presentation to a grand jury. Garza also affirmed he desired to waive his right to trial by jury, right to confront witnesses, and right against self-incrimination. The trial court approved the waivers and read the plea agreement into the record. The trial court told Garza that he would be informed, prior to the entry of his plea, whether the trial court would follow the agreement.

> This details for me your punishment agreement with the State. And I will let you know if I'm going to follow it prior to the entry of the plea. It says punishment will be assessed at five years in the Texas Department of Corrections. There will be a $1,500.00 fine. There is no application for community supervision, deferred adjudication. And there will be an affirmative finding of family violence. So it's five years to do, sir; do you understand that?

Garza confirmed the trial court properly stated the plea agreement.

The trial court further reiterated that if it chose not to follow the plea agreement, Garza would maintain his right to appeal. Garza subsequently entered a plea of no contest, and the trial court made the following pronouncements:

> I find that the evidence is sufficient to support the plea.
>
> Sir, I find your plea was voluntarily made, there's sufficient evidence to support the plea, and that you're mentally competent to enter into such a plea. I find you guilty, sir.

Based on the trial court's inquiry regarding Garza's past, the prosecutor informed the trial court that Garza

. . . has a conviction for murder and a conviction for indecency with a child by contact, possession of drugs. Excuse me. A possession of marijuana, two ounces or less. As well as theft offenses.

The trial court ordered a pre-sentence investigation hearing and reset the matter for sentencing.

### B.      August 13, 2015 Sentencing Hearing

On August 13, 2015, the matter was re-called for sentencing. There was some discussion on the record regarding whether Garza denied causing injury to the alleged victim. Garza acknowledged before the trial court that he "punched her repeatedly in the face" and "stomped on her ankles to try to break her ankles," all to ensure that she could never leave him.

The trial court reiterated its previous determination that Garza's plea was voluntarily made, there was sufficient evidence to support his plea, and Garza was mentally competent to enter the plea. The trial court continued,

Sir, I'm going to sentence you to ten years in the Texas Department of Corrections. That actually is higher than your plea bargain, sir. I'll let you confer with your attorney as far as what you would like to do as far as your plea is concerned. I will give you credit for time served.

The parties conferred off the record. When the parties returned, Garza's defense counsel made the following announcement:

The defendant, Jesse Garza, has decided to go with the ten years, Your Honor. With his back time, of course.

The trial court further explained that because it did not follow the plea bargain, Garza maintained the right to appeal, and this appeal ensued.

Although Garza raises four separate issues on appeal, the crux of his argument is his defense counsel's failure to provide effective assistance of counsel. Specifically, Garza contends his defense counsel failed to object when the trial court erred in (1) adjudicating Garza guilty without first informing Garza of its intent to follow or reject the plea bargain agreement, (2) injecting itself into the plea-bargaining process, and (3) failing to confirm whether Garza desired

to withdraw his plea in light of the trial court's failure to follow the plea bargain agreement. Accordingly, we analyze each allegation under the auspices of Garza's ineffective assistance of counsel issue.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

## A. Standard of Review

In *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), the United States Supreme Court set out a two-prong test to determine whether trial counsel's representation was ineffective: (1) "[t]he defendant must show that counsel's performance was deficient" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694; *accord Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ex parte Moore*, 395 S.W.3d at 157 (citing *Strickland*, 466 U.S. at 687).

When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant bears the burden of proof to affirmatively show that counsel's representation "'fell below an objective standard of reasonableness' under prevailing professional norms." *Id.* (quoting *Strickland*, 466 U.S. at 687–88); *see also Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011). To prove harm, Garza "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 158 (footnote omitted) (quoting *Strickland*, 466 U.S. at 694).

Additionally, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *accord Burgess v. State*, 448 S.W.3d 589, 602 (Tex.

App.—Houston [14th Dist.] 2014, no pet.). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson*, 9 S.W.3d at 813. Therefore, Garza "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

Appellate courts further view matters "from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012); *accord Ex parte Overton*, 444 S.W.3d 632, 640 (Tex. Crim. App. 2014). Our review of trial counsel's actions is "highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)); *see also Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd) (affirming that in the absence of a developed record, an appellate court should not "speculate as to the reasons why trial counsel acted as he did, rather a reviewing court must presume that the actions were taken as part of a strategic plan for representing the client."). Moreover, an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

## B.    Unpreserved Trial Court Error

Garza raises several allegations of trial court error. For each, the State contends, and Garza concedes on appeal, that Garza's defense counsel failed to raise an objection before the trial court, and thus the errors were not preserved for appeal. We agree.

Texas Rule of Appellate Procedure 33.1(a) mandates that for a party to preserve error, the defendant must present a timely objection to the trial court, state the specific grounds for the

objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Because Garza's defense counsel failed to raise objection to any of his alleged errors on appeal, he failed to preserve error. *Id.*; *see also Hinojosa v. State*, 433 S.W.3d 742, 761 (Tex. App.—San Antonio 2014, pet. ref'd). Accordingly, Garza has waived appellate review on these claims individually.

However, because these same objections are the basis for Garza's contention that he did not receive effective assistance of counsel, we address each in terms of counsel's performance.

    *1.    Adjudicated Guilty Without First Being Informed Whether Trial Court Would Follow or Reject the Plea Agreement*

Garza relies on *Papillion v. State*, 908 S.W.2d 621, 624 (Tex. App.—Beaumont 1995, no pet.), for the proposition that the trial court's pronouncement that Garza was guilty of the charged offense, *before* informing Garza of whether the trial court would accept or reject the plea bargain, was reversible error. Specifically, Garza contends the trial court erred by finding Garza guilty without (1) "informing [Garza] whether the court accepts or rejects the said negotiated punishment recommendation," and (2) "affirmatively inquiring as to whether or not [Garza] wishe[d] to withdraw his plea of guilty" when the trial court rejected the sentenced recommendation. *Id.*

In *Papillion*, the trial court accepted the plea agreement and guilty plea and then instructed Papillion that if he failed to either participate in the presentence investigation or appear at the sentencing hearing, the trial court would not be bound by the plea agreement. *Id.* When Papillion failed to adhere to one of the trial court's additional conditions, the trial court assessed a greater punishment than was contained within the agreed plea agreement. *Id.* The court of appeals reversed the conviction because the trial court "made acceptance or rejection of said plea bargain contingent on whether or not appellant complied with said additional, non-negotiated terms." *Id.*

During Garza's plea hearing, the trial court inquired as follows:

> Trial Court: If I don't follow your plea bargain, sir, I will allow you to withdraw the plea and we'll proceed to trial as if this hearing never occurred; do you understand that?
>
> Garza: Yes, sir.

Garza subsequently entered a plea of no contest and the trial court found him guilty of the charged offense. The matter was reset for sentencing to allow for the preparation of a presentence investigation report.

On August 14, 2015, in addition to reviewing the documents contained within the trial court's file, the trial court heard testimony from Garza and arguments of counsel. The trial court announced it did not intend to follow the plea agreement and recessed the proceedings to allow Garza an opportunity to discuss his options with his defense counsel. When the matter was recalled, Garza's defense counsel announced that Garza "decided to go with the [the trial court's sentence of] ten years."

Contrary to Garza's contentions, Garza entered a plea of no contest and was informed he would be able to withdraw his plea if the trial court did not follow the plea agreement. When the trial court made a determination that the assessment of punishment would fall outside the plea agreement, the trial court followed the requirements of article 26.13(a)(2) and  provided Garza an opportunity to withdraw his plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2015). Garza chose not to do so. Accordingly, the trial court did not err and we overrule this issue on appeal.

### 2. *Trial Court Usurped Plea-Bargaining Power*

Garza next contends the trial court "usurped [the] plea bargaining power that belongs exclusively to the parties." A plea bargain is a contract between the State and the defendant, and they are bound by the terms of that agreement upon acceptance by the trial court. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). "The only proper role of the trial court in the plea-

bargain process is advising the defendant whether it will 'follow or reject the [agreement]. . . .'". *Id*. at 332; *see also Coleman v. State*, 756 S.W.2d 347, 349 (Tex. App.—Houston [14th Dist.] 1988, no pet.) (holding trial court should avoid involvement in plea negotiations).

Garza maintains the trial court involved itself in the negotiations and thus took part in plea negotiations. *See Doyle v. State*, 888 S.W.2d 514, 517–18 (Tex. App.—El Paso 1994, pet. ref'd); *Coleman*, 756 S.W.2d at 349. To the contrary, the evidence supports that Garza was given the opportunity to decide whether to withdraw his plea and he chose to proceed based on the trial court's ten-year sentence. Accordingly, we conclude Garza failed to show that the trial court either inserted itself into the negotiations or was part of the plea bargaining process. *See Doyle*, 888 S.W.2d at 517–18; *Coleman*, 756 S.W.2d at 349; *see also Jennings v. State*, 754 S.W.2d 389, 390 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

### 3. *Trial Court Failed to Make an Affirmative Determination Whether Garza Wished to Withdraw His Plea of No Contest*

Garza next argues the record does not reflect an affirmative determination that Garza did not wish to withdraw his guilty plea. Article 26.13(a)(2) of the code of criminal procedure provides that, if the court rejects the plea-bargain agreement, the defendant shall be permitted to withdraw his guilty plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2). During the sentencing hearing, Garza affirmed that he committed the offense, that he knew the victim was injured, and that he caused her injuries. Prior to imposition of sentence, the trial court informed both defense counsel and Garza that the court did not intend to impose a sentence in accordance with the five-years' confinement set forth in the plea agreement.

The trial court took a brief recess and when the parties returned, defense counsel announced Garza desired to proceed to sentencing. We remain mindful that Garza's entry of the pre-indictment plea, even for the full ten-year sentence, allowed Garza to be sentenced well below the

twenty-five year minimum confinement for a habitual offender. *See* TEX. PENAL CODE ANN. § 12.42(d) (setting forth penalty range of "imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years"); *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004) (concluding that "[i]f [pleading guilty] had been in his interest to do so, he would have known it.").

"[C]ourts routinely rely on counsel's statements during oral argument and rely on these representations when deciding cases." *Matthews v. State*, 165 S.W.3d 104, 110 (Tex. App.—Fort Worth 2005, no pet.); *see also Quesada v. State*, 751 S.W.2d 309, 311 (Tex. App.—San Antonio 1988, no pet.) (concluding "the court was entitled to rely upon the statement of defense counsel [about] the admissibility of the video"). "Reliance on counsel's statements is justified by Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct, which forbids a lawyer from making a false statement of material fact to a tribunal . . . ." *United States Gov't v. Marks*, 949 S.W.2d 320, 327 (Tex. 1997). Absent any evidence to the contrary, the trial court reasonably relied on defense counsel's representation of Garza's decision to proceed with his guilty plea and the trial court's sentence of ten-years' confinement—even in light of a sentence in excess of the plea agreement with the State.

## C. Analysis

We are not to second guess counsel's strategy through hindsight, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). Moreover, counsel is typically not ineffective for following the wishes of his or her client. *See, e.g.*, *Jackson v. State*, 76 S.W.3d 798, 802 (Tex. App.—Corpus Christi 2002, no pet.). The record before this court fails to establish, by a preponderance of the evidence, that defense counsel's challenged conduct was not reasonable

under the totality of the circumstances and prevailing professional norms.  We, therefore, conclude

Garza failed to satisfy the first prong of the *Strickland* test.  We affirm the trial court's judgment.


                                         Patricia O. Alvarez, Justice

DO NOT PUBLISH