NUMBERS 13-00-257-CR 13-00-258-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CARL MITICH , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 347th District Court

of Nueces County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

Appellant pled guilty to possession of less than a gram of cocaine, a state jail felony, on July 30, 1999, and was sentenced
to two years in state jail. This sentence was suspended, and he was given three years of community supervision pursuant to
a plea bargain agreement. During this period of community supervision, appellant was charged, by information, with
delivery of cocaine. Pursuant to a plea bargain, on February 29, 2000, appellant pled guilty to a state jail felony charge for
delivery of cocaine, cause number 00-CR-267-H, and pled true to the charge contained in the Motion to Revoke Probation
on his first offense, cause number 99-CR-439-H. Appellant was sentenced to nine months in state jail for each charge, with
the sentences running concurrently. In these appeals, appellant claims that both his conviction under cause number
00-CR-267-H and his community supervision revocation under cause number 99-CR-439-H should be overturned, based
on ineffective assistance of counsel. We dismiss the appeal from the guilty plea for want of jurisdiction and affirm the
judgment of the trial court as to the plea of true on the motion to revoke.

A. The Guilty Plea on Cause Number 00-CR-267-H

1. Texas Rule of Appellate Procedure 25.2(b)(3) requirements

A plea-bargaining defendant's right to appeal is limited under Texas law. A notice of appeal from a plea bargain must
specify that: (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised by written motion and
ruled on before trial, or (3) the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). This rule applies to
appellant's plea of guilty on the delivery charge. None of these jurisdictional factors were satisfied by appellant's original
notice of appeal. Therefore, his general notice of appeal failed to confer jurisdiction upon us under rule 25.2(b)(3) to
address claims related to his guilty plea. (1) 

2. The trial court's "permission" to appeal

Appellant claims in his supplemental notice of appeal from the guilty plea that the trial court granted permission to appeal,
thus fulfilling the requirements of rule 25.2(b)(3). In fact, however, the trial court never granted permission sufficient to
vest jurisdiction in this court to hear the appeal. 

We first note that the supplemental notice of appeal was incapable of independently conferring jurisdiction upon us. The
original notice of appeal does not allege that the trial court granted permission to appeal. While an amended notice is
permitted under the current rules of appellate procedure, such an amended notice cannot grant this Court jurisdiction to
hear an appeal where none originally existed. State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000); Tex. R.
App. P. 25.2(d). Jurisdictional defects contained in a notice of appeal cannot be corrected by an amended notice of appeal
once the deadline for perfecting the appeal has elapsed. Craddock v. State, 32 S.W.3d 886, 888 (Tex. App.--Waco 2000,
no pet.). Because appellant's original notice of appeal did not confer jurisdiction on this Court, and the amended notice of
appeal was filed well after the deadline for perfecting an appeal had passed, nothing in the amended notice can act to grant
this Court jurisdiction. State v. Brown, 28 S.W.3d 609, 610-11 (Tex. App.--Corpus Christi 2000, no pet.) (citing Riewe in
holding that "this Court cannot retroactively gain jurisdiction over this case" where the original notice of appeal failed to
confer jurisdiction, even though the amended notice contained the necessary certifications). Moreover, the facts alleged in
the amended notice of appeal, even if true, would have failed to confer jurisdiction on this Court to hear this appeal. A
notice of appeal does not confer jurisdiction simply by stating that the trial court granted permission; this statement must
also be shown to be true. Solis v. State, 890 S.W.2d 518, 520 (Tex. App.--Dallas 1994, no writ). The only facts alleged by
appellant that would support the notion that the trial court granted permission to appeal are the oral statements made by the
trial court judge in a June 5, 2000 indigency hearing, three months after the plea was entered and two months after the
expiration of the deadline for perfecting an appeal. At that hearing, the court told Mr. Mitich, "You can appeal if you want
to." Assuming, arguendo, that this statement was intended to constitute permission to appeal, nothing the court said on that
late occasion could have conferred jurisdiction on us to hear the appeal. Accordingly, we dismiss the appeal from the
guilty plea for want of jurisdiction.

B. The Plea of "True" on the Motion to Revoke, Cause Number 99-CR-439-H

1. Jurisdiction

Appellant also appeals from his plea of true to the motion to revoke his community supervision. The notice requirements
of rule 25.2(b)(3) do not apply to an appeal from a revocation of community supervision. Feagin v. State, 967 S.W.2d 417,
419 (Tex. Crim. App. 1998). This is because the challenge under these circumstances is limited to the propriety of the
revocation itself, rather than to the underlying conviction. Rojas v. State, 943 S.W.2d 507, 509 (Tex. App.--Dallas 1997,
no pet.). Therefore, appellant's general notice of appeal was sufficient to confer jurisdiction on this Court with respect to his
appeal from the community supervision revocation.

2. Ineffective Assistance of Counsel 

To challenge a plea entered as the result of a plea bargain on the basis of ineffective assistance of counsel, the defendant
must demonstrate that (1) counsel's advice was not within the range of competence demanded of attorneys in criminal
cases, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and
would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Ex Parte Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997). Under the first part of this test, the defendant must overcome a strong presumption that trial
counsel was competent. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under the second prong of the
test, we consider both the circumstances surrounding the plea and the gravity of the misrepresentation as it pertained to the
defendant's plea determination. Ex Parte Moody, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999). 

Appellant has presented no evidence that his attorneys' actions mislead him as to the grounds of his plea bargain or
prevented him from making a voluntary and informed decision to enter the plea of true on the motion to revoke. Appellant
asserts that his attorneys failed to explain his waiver of rights with respect to his plea, failed to explain the plea papers to
him, failed to discuss potential defenses with him, were not prepared to provide appellant with a meaningful defense at
trial, and threatened to withdraw as counsel if he chose to reject the plea. These assertions are not supported by the record. 
On the contrary, appellant stated at his revocation hearing that he had the opportunity to discuss the motion to revoke with
both of his attorneys and also had an opportunity to discuss the charges pending against him with his attorneys. In addition,
he stated that he had discussed possible defenses with his attorneys and was pleased with their services. Based on this
record, we cannot conclude that appellant met his burden of proving that his pleas were made as a result of ineffective
assistance of counsel.

Conclusion

Accordingly, we affirm the judgment of the trial court with respect to the plea of true on the motion to revoke community
supervision and dismiss the appeal on the guilty plea for want of jurisdiction.




ERRLINDA CASTILLO

Justice



Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed

this 3rd day of May, 2001.

 

1. The Texas Court of Criminal Appeals recently held that an appeal based on voluntariness of the plea is not exempt from
the notice requirements of rule 25.2(b)(3). Cooper v. State, No. 1100-99, slip op. at 12, 2001 Tex. Crim. App. LEXIS 25,
at *16 (Tex. Crim. App. April 4, 2001). This holding abrogates our contrary holding in Marshall. Marshall v. State, 28
S.W.3d 634, 637-38 (Tex. App.--Corpus Christi 2000, no pet.). Accordingly, even if appellant had directly raised the
voluntariness of his guilty plea in his appeal, we would have no jurisdiction to hear such a claim.