NUMBER 13-00-542-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


ROBERTO RODRIGUEZ, JR. , Appellant,

v.

THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 105th District Court

of Kleberg County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


Roberto Rodriguez, appellant, was placed on community supervision in 1994 after being convicted of burglary of a vehicle. 
In 2000, his community supervision was revoked. He appeals the revocation of his community supervision.

Rodriguez's court-appointed counsel has filed a brief in which counsel has concluded that an appeal would be wholly
frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). The brief meets the requirement of Anders in
that it presents a professional evaluation of why no arguable grounds for appeal exist. See Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App. -- Corpus Christi 1995, no pet.). Along with
the brief, counsel has provided this Court with a copy of a letter she sent to appellant advising him of his right to file a pro
se brief, along with an appropriate request for extension of time to allow appellant time to file such a brief. Well over thirty
days have elapsed, and no pro se brief has been filed.

After a thorough review of the record as mandated by Anders, we agree that any appeal of this matter would be wholly
frivolous. See Anders, 386 U.S. at 744-45 (requiring the appellate court to conduct a full examination of all proceedings to
determine whether it agrees with counsel's determination that any appeal would be wholly frivolous).

Counsel has correctly pointed out that any appeal in this case would be limited to an appeal of the proceeding wherein
Rodriguez's community supervision sentence was revoked. See Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (Vernon
Supp. 2001) (stating that appeal of the conviction and punishment must be made at the time a defendant is placed on
community supervision); see also Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (affirming that principle). 
Appeal from a revocation of community supervision is limited to the propriety of the revocation itself rather than to the
underlying conviction. See Mitich v. State, No. 13-00-257-CR and 13-00-258-CR, 2001 Tex. App. LEXIS 3024 at *2 (Tex.
App.--Corpus Christi May 3, 2001, no pet.). (1)

The State's motion to revoke Rodriguez's community supervision contained five alleged violations of the terms of his
community supervision. Rodriguez pleaded true to all but one. A plea of true to any of the allegations would support the
trial court's revocation of Rodriguez's community supervision. See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
1979); Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981). Accordingly, Rodriguez would have no legitimate
challenge to the sufficiency of the evidence supporting the trial court's revocation.

Also, Rodriguez raised in his motion for new trial the issue of whether his pleas of true were voluntarily made. The record
shows that they were voluntary and that no legitimate appellate argument can be advanced on grounds they were not.

Finally, Rodriguez suggests that his counsel at the revocation hearing was ineffective. This, too, is without merit. Review
of the record shows that Rodriguez has suggested that counsel was ineffective because counsel advised him to plead true to
an allegation of driving while intoxicated of which Rodriguez had not been adjudicated guilty. The record shows that
Rodriguez's counsel made a strategic choice in advising Rodriguez to plead true to that allegation. Accordingly, any claim
of ineffective assistance of counsel would be wholly frivolous because Rodriguez could not meet the standards of
Strickland v. Washington, 466 U.S. 690 (1984).

We affirm the judgment of the trial court and grant appellate counsel's motion to withdraw from this representation.





______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.

1. Incidentally, compliance with Tex. R. App. P. 25.2(b)(3) is not required when an appellant seeks appeal of an order
revoking community supervision based on a plea of true. Mitich, 2001 Tex. App. LEXIS 3024, at *2.