NUMBER 13-00-397-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


KENNETH DWAYNE WATERS , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 292nd District Court

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


Kenneth Dewayne Waters, appellant, pleaded guilty to the offense of unlawful possession of a firearm by a felon. Pursuant
to the terms of a plea bargain agreement, Waters was sentenced to ten years confinement.

Water's court-appointed counsel has filed a brief in which counsel has concluded that an appeal of this cause would be
wholly frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). Along with the brief, counsel has
certified to this Court that she has provided appellant with a copy of the brief and advised him of his right to file a pro se
brief. Well over thirty days have elapsed, and no pro se brief has been filed. We have thoroughly reviewed the record as
mandated by Anders and we agree that any appeal of this matter would be wholly frivolous. See Anders, 386 U.S. at
744-45 (requiring the appellate court to conduct a full examination of all proceedings to determine whether it agrees with
counsel's determination that any appeal would be wholly frivolous). 

Texas Rule of Appellate Procedure 25.2(b)(3) requires that in any appeal from a guilty plea wherein the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of
appeal must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal. Tex. R. App. P.
23.2(b)(3). Failure to comply with Rule 23.2(b)(3) deprives the appellate court of jurisdiction over the case. See Cooper v.
State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); Mitich v. State, No. 13-00-257-CR and 13-00-258-CR, 2001 Tex. App.
LEXIS 3024 at *2 and n.1 (Tex. App.--Corpus Christi May 3, 2001, no pet.). We hold that Water's notice complies with
Rule 23.2(b)(3).

Water's notice of appeal does not allege that the appeal is for a jurisdictional defect or that the trial court granted permission
to appeal. It does state, though, that the appeal is based on issues raised by written motion and ruled upon before trial. 
Specifically, Waters' notice of appeal states that defendant's attorney was "neglectful, inattentive and showed a conscious
disregard for responsibilities owed defendant." It also states that these matters were raised to the trial court on October 20,
1999, February 8, 2000, and April 24, 2000. Indeed, the record contains a handwritten letter addressed to the court dated
February 8, 2000, wherein Waters detailed numerous complaints about his court-appointed counsel. In this letter, Waters
argued that his counsel had been ineffective in preparing Waters' case and requested the court to appoint an alternate. 
While the record shows no express ruling on this motion for appointment of new counsel, the fact that no new counsel was
appointed indicates the trial court implicitly denied this motion. 

The record also contains a motion to suppress evidence that appears to have been filed with the trial court but that was
neither signed by counsel nor ruled upon by the court. Also, the record indicates that a motion to have an investigator was
filed and granted, with expenses of up to $500.00 awarded. Finally, the record reveals that an "omnibus" pretrial motion
was filed on behalf of Waters, but that it was not ruled upon.

Because Waters appears to have filed his notice of appeal without assistance of counsel, and because he raises issues
indicating substantial compliance with Rule 23.2(b)(3), we hold that we have jurisdiction over this appeal. See Tex. R.
App. P. 23.2(b)(3). Accordingly, this appeal is limited to the discrete issue of whether Waters received effective assistance
of counsel because that is the only matter that was brought up by written motion prior to entry of his plea, as referenced in
Waters' notice of appeal.

We agree with counsel's statement in her brief that there appears to be no jurisdictional defect at issue in this case. We also
agree that there is insufficient evidence contained in the record of this case to support a legitimate, non-frivolous claim of
ineffective assistance of counsel. The only evidence supporting this claim at all is contained in Waters' handwritten letter
of February 8, 2000. Waters was advised of his right to file a pro se brief with this Court, and he did not. Thus, based
solely on the record, we must conclude that no non-frivolous argument of ineffective assistance of counsel exists. See
Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that ineffective assistance of counsel must be shown in the
record). In fact, the record contains a statement made by Waters himself at the time he entered his plea where he testified
that his attorney had "done everything he was asked to do" in this case. Accordingly, we agree with counsel that any appeal
based on effectiveness of counsel would be wholly frivolous. Moreover, after thorough review of the entire record, we find
no other legitimate arguments to support an appeal of this cause.

We affirm the judgment of the trial court.





______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.