NUMBER 13-00-561-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


JOSE ALCOCER PADILLA , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 103rd District Court

of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


Jose Alcocer Padilla, appellant, pleaded guilty to the offense of possession of more than five but less than fifty pounds of
marihuana. He was sentenced to four years confinement. Padilla appeals the conviction and sentence.

Padilla's court-appointed counsel has filed a brief in which counsel has concluded that an appeal would be wholly frivolous
and without merit. See Anders v. California, 386 U.S. 738 (1967). Along with the brief, counsel has provided this Court
with a copy of a letter he sent to appellant advising him of his right to file a pro se brief. Well over thirty days have
elapsed, and no pro se brief has been filed. We have thoroughly reviewed the record as mandated by Anders and we agree
that any appeal of this matter would be wholly frivolous. See Anders, 386 U.S. at 744-45 (requiring the appellate court to
conduct a full examination of all proceedings to determine whether it agrees with counsel's determination that any appeal
would be wholly frivolous). 

The record reveals that Padilla pleaded guilty pursuant to a plea bargain agreement. The original agreement was that
Padilla would plead guilty in exchange for being sentenced to eight years confinement, probated for eight years, along with
a $1,500.00 fine. After a presentence investigation report revealed that Padilla had a prior felony, the plea bargain was
renegotiated. Before renegotiating the plea, Padilla was advised that the judge was not going to follow the original
recommendation and that he, therefore, had a right to withdraw his guilty plea. He initially withdrew his plea, but after a
conference with his attorney, he re-entered his plea on the condition that he be sentenced to a term of four years
confinement. Accordingly, his plea was entered pursuant to a plea bargain agreement.

Texas Rule of Appellate Procedure 25.2(b)(3) requires that in any appeal from a guilty plea wherein the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of
appeal must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal. Tex. R. App. P.
23.2(b)(3). Failure to comply with Rule 23.2(b)(3) deprives the appellate court of jurisdiction over the case. See Cooper v.
State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); Mitich v. State, No. 13-00-257-CR and 13-00-258-CR, 2001 Tex. App.
LEXIS 3024 at *2 and n.1 (Tex. App.--Corpus Christi May 3, 2001, no pet.). Padilla's notice of appeal does not comply
with that rule.

Accordingly, not only do we agree that an appeal of this matter would be wholly frivolous, we acknowledge that we are
without jurisdiction over this appeal. Therefore, we dismiss this cause for want of jurisdiction.


______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.