NUMBERS

13-01-026-CR

13-01-027-CR

13-01-028-CR

13-01-029-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

JERMAINE CHARLES CAMERON , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the Criminal District Court

of Jefferson County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


On November 16, 2000, Jermaine Charles Cameron was adjudicated guilty of four criminal offenses. (1) Earlier that year,
Cameron had pleaded guilty to each and had received a sentence of deferred adjudication community supervision. His
court-appointed counsel has filed a brief in each cause in which counsel has concluded that an appeal would be wholly
frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). The briefs meet the requirement of Anders in
that they present a professional evaluation of why no arguable grounds for appeal exist in each case. See Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App. -- Corpus Christi 1995, no pet.).

Along with the briefs, counsel has provided this Court with a copy of a letter he sent to appellant advising him of his right
to file a pro se brief, along with appropriate requests for extension of time to allow appellant time to file such briefs. The
time periods have passed, and no pro se briefs have been filed.

While counsel has included a comprehensive analysis of the efficacy of the procedures taken by the trial court in
adjudicating guilt and has concluded that any appeal would be frivolous, we find this to be so for a more basic reason. 
Section 5(b) of article 42.12 of the code of criminal procedure holds that no appeal will lie from a proceeding adjudicating
the guilt of an individual who was placed on deferred adjudication community supervision. See Tex. Code Crim. Proc.
Ann. art. 42.14 § 5(b) (Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v.
State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979). "After
an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of
community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code
Crim. Proc. Ann. art. 42.14 § 5(b).

However, appellant has no appeal from the proceeding wherein he was initially placed on deferred adjudication because
that appeal has now become untimely. ". . . [A] defendant placed on deferred adjudication has to appeal issues relating to
the original deferred adjudication proceeding when deferred adjudication is first imposed." Daniels v. State, 30 S.W.3d
407, 408 (Tex. Crim. App. 2000) (citingManuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)). Since deferred
adjudication was imposed in April of 2000 and notice of appeal was not filed until November of 2000, this Court is without
jurisdiction to hear an appeal of any issues related to the April 2000 proceeding. See Tex. R. App. P. 26.2(a) (requiring
notice of appeal to be filed within thirty days of the date sentence was imposed or suspended or within ninety days in the
event a timely motion for new trial was filed).

Finally, the adjudication of appellant's guilt was based on guilty pleas that he entered at the time he was placed on deferred
adjudication supervision. Texas Rule of Appellate Procedure 25.2(b)(3) requires that in any appeal from a guilty plea
wherein the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the notice must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the
appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal. 
Tex. R. App. P. 23.2(b)(3). Failure to comply with Rule 23.2(b)(3) deprives the appellate court of jurisdiction over the
case. See Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); Mitich v. State, No. 13-00-257-CR and
13-00-258-CR, 2001 Tex. App. LEXIS 3024 at *2 and n.1 (Tex. App.--Corpus Christi May 3, 2001, no pet.). Cameron's
notice of appeal does not comply with Rule 23.2(b)(3).

Accordingly, not only do we agree that an appeal would be wholly frivolous, we acknowledge that we are without
jurisdiction to hear an appeal of any issue that appellant could raise in any such appeal. Accordingly, we grant counsel's
motion to withdraw from representing the appellant and dismiss cause numbers 13-01-026-CR, 13-01-027-CR,
13-01-028-CR and 13-01-029-CR for want of jurisdiction.



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.

1. In cause numbers 13-01-026, 13-01-028 and 13-01-029, appellant pleaded guilty to delivery of less than one gram of a
controlled substance (cocaine). See Tex. Health & Safety Code Ann. § 481.112. In number 13-01-027-CR, appellant
pleaded guilty to possession of a controlled substance (codeine) in an amount of 400 grams or more. See Tex. Health &
Safety Code Ann. § 481.115. He was sentenced to two years each on the delivery offenses and ten years for the possession
offense, all to be served concurrently.