NUMBER 13-02-184-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG

 



MANUEL SALAZAR, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 105th District Court of Kleberg County, Texas. 


 



MEMORANDUM OPINION




Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Garza


 In September 1994, appellant, Manuel Salazar, pled guilty to felony possession of marihuana and was sentenced to ten
years imprisonment. The trial court suspended the sentence, placing appellant on community supervision for a term of
seven years. In January 2001, the State filed a motion to revoke appellant's community supervision. Appellant
subsequently pled "true" to the violations alleged by the State as grounds for revoking his community supervision. The trial
court granted the State's motion and sentenced appellant to ten years imprisonment. 

 Appellant's attorney has filed a brief with our Court in which he states that he has reviewed the entire record of appellant's
case and has concluded that appellant lacks any meritorious grounds for appeal and that any appeal on his behalf would be
entirely frivolous. See generally Anders v. California, 386 U.S. 738 (1967). In Anders, the United States Supreme Court
determined that the constitutional right to counsel requires that court-appointed counsel defend an indigent client on appeal
to the best of her ability and that such counsel may request permission to withdraw only if she deems the case to be wholly
frivolous. Anders, 386 U.S. at 744. If counsel determines that the record will not support any reasonable grounds on
appeal she must nonetheless file a brief referring to anything in the record that might arguably support the appeal. Id.; see
also Stafford v. State, 813 S.W.2d 503, 509-10 (Tex. Crim. App. 1991). 

 The brief before us presents a professional evaluation of why there are no arguable grounds for advancing an appeal on
behalf of Salazar. It therefore meets the requirements of Anders. See Stafford, 813 S.W.2d at 509-510. In the brief,
appellant's attorney also states that he has informed appellant of his right to review the record and to file a pro se brief. To
date, appellant has not filed such a brief.

 Upon receiving a "frivolous appeal" brief, appellate courts must conduct a "full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 448 U.S. 75, 80 (1988). We have carefully reviewed the
record in this case and agree with appellant's counsel that any appeal would be wholly frivolous. 

 Although appellant has not filed a pro se brief, on March 14, 2002, he submitted a pro se notice of appeal, indicating that
he would raise two issues on appeal: (1) ineffective assistance of counsel; and (2) that his plea of "true" to violations of his
community supervision terms was made neither intelligently nor knowingly. Salazar's appellate counsel has addressed
these issues in his brief, and, for the following reasons, we agree with his conclusions. We take each issue in turn. 

1. Ineffective Assistance of Counsel 

 As a preliminary matter, the record before us does not indicate that appellant was denied effective assistance of counsel. 
An allegation of ineffective assistance of counsel will be sustained only if it is firmly founded and the record affirmatively
demonstrates counsel's alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (citing
Ex Parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987)); Stone v. State, 17 S.W.3d 348, 350 (Tex.App.-Corpus Christi
2000, pet. ref'd). Our review of counsel's performance must be highly deferential. Strickland v. Washington, 466 U.S. 668,
689 (1984). In Strickland, the United States Supreme Court clarified the standard that a convicted defendant must meet to
succeed on an ineffective assistance of counsel claim. A defendant seeking relief must demonstrate: (1) that counsel's
performance failed to constitute reasonably effective assistance by falling below an objective standard of reasonableness
under the prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's deficient
performance, the result of the proceeding would have been different. Id. at 694. Because we conclude that appellant
cannot satisfy the first prong of the Strickland test, we will not reach the second. See Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).

 At the hearing on the State's motion, appellant's trial counsel argued that the court should not revoke appellant's
community supervision and that, alternatively, if the court did revoke his community supervision, that it should give
appellant only a limited prison sentence. From that record alone, we cannot conclude that trial counsel's performance fell
"below an objective standard of reasonableness under the prevailing norms." See Strickland, 466 U.S. at 687-88.

 Presumably, Salazar would like to challenge the effectiveness of his trial counsel regarding the decision to plead "true" to
the alleged violations of his community supervision. To challenge a plea entered as the result of a plea bargain on the basis
of ineffective assistance of counsel, the defendant must demonstrate that: (1) counsel's advice was not within the range of
competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors,
the defendant would not have pled guilty and would have insisted on going to trial. Mitich v. State, 47 S.W.3d 137, 140-41
(Tex. App.-Corpus Christi 2001, no pet.) (citing Hill v. Lockhart, 474 U.S. 52 (1985)); see also Ex Parte Morrow, 952
S.W.2d 530, 536 (Tex. Crim. App. 1997). 

 At the outset, we note that neither appellant nor his attorney have alleged that his plea at the revocation hearing was made
because the State had offered a plea bargain. In fact, nothing in the record indicates that the parties reached any plea
agreement. Nevertheless, we find the reasoning of Mitich directly on point. Appellant has presented no evidence that his
attorney's actions were outside the range of competence demanded by attorneys in criminal cases, and we find no evidence
in the record to support such a conclusion. We overrule his claim of ineffective assistance of counsel. 2. Defective
Plea

 Similarly, nothing in the record indicates that appellant's plea of "true" to the violations alleged by the State was made
unintentionally or unknowingly. The trial court advised appellant, both verbally and in writing, of his rights and the
consequences of waiving his rights. The trial court's admonishments appear proper in all respects. We overrule appellant's
last issue. 

 The trial court's judgment is affirmed. 

_________________________

DORI CONTRERAS GARZA

Justice

Do not publish.

Tex.R.App.P. 47.2(b)

Opinion delivered and filed

this 22nd day of May, 2003.