NUMBERS 13-02-396-CR & 13-02-397-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


 DARREL HAWKINS , Appellant,



v.




THE STATE OF TEXAS , Appellee.



On appeal from the Criminal District Court

of Jefferson County, Texas.




O P I N I O N

 Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Castillo



 Appellant Darrel Hawkins appeals the judgments of conviction and sentences in two felony cases in which the
trial court revoked his community supervision. We conclude that Hawkins's appeals are frivolous and without
merit. We affirm. 

I. BACKGROUND

 Hawkins pleaded guilty to the offense of possession of a controlled substance. After a pre-sentence
investigation and pursuant to an agreed punishment recommendation, the trial court deferred adjudication,
assessed a fine of $1,000, and placed Hawkins on probation for a term of eight years. During the term of this
deferred adjudication probation, the State indicted Hawkins for a second time for possession of a controlled
substance. As a result of the State's motion to revoke in the first case, which was based on the new felony
indictment in the second case, the trial court adjudicated Hawkins guilty in the first case and, again pursuant to
an agreed punishment recommendation, placed Hawkins on regular community supervision for a term of ten
years and assessed a $1,000 fine. At the same time, Hawkins pleaded guilty in the second case and, again
pursuant to an agreed punishment recommendation, the trial court placed him on regular community
supervision for a term of ten years and assessed another $1,000 fine.

 Ultimately, the State filed motions to revoke Hawkins's regular community supervision in both cases. 
Following an evidentiary hearing, the trial court revoked Hawkins's community supervision and sentenced him
to two concurrent terms of ten years confinement in the Texas Department of Criminal Justice - Institutional
Division. On June 27, 2002, Hawkins filed timely pro se notices of appeal in both cases, generally asserting
his desire to appeal both cases. Hawkins's appellate counsel filed a brief in which he concludes that the
appeals are frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). 

II. APPLICABLE APPELLATE RULES


 The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective
January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas
Constitution against retroactive application of laws that disturb vested, substantive rights. See Tex. Const.
art. I, § 16; see alsoIbarra v. State, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). Therefore, this Court
applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or
dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time
to correct or amend the defects or irregularities. Tex. R. App. P. 44.3. We also are prohibited from affirming
or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and
can be corrected by the trial court. Tex. R. App. P. 44.4(a). Accordingly, we abated the appeals on July 21,
2003 and ordered a supplemental records to include, in compliance with rule 25.2(a)(2), the trial court's
certification of Hawkins's right of appeal in both cases. See Tex. R. App. P. 25.2(a)(2). Section 23(b) of
article 42.12 of the code of criminal procedure affords a defendant an unrestricted right to appeal from an
order revoking regular community supervision, even if that community supervision was the result of an agreed
punishment recommendation. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2003); see
Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998) (interpreting former rule 25.2(b)(3)); see also
Mitich v. State, 47 S.W.3d 137, 140 (Tex. App.-Corpus Christi 2001, no pet.) (same). We received
supplemental records on August 11, 2003 that include the trial court's certifications of Hawkins's rights of
appeal in both cases. We now turn to the merits. 

 

III. DISPOSITION


 Hawkins was required to raise any complaints involving the original plea proceeding in the first case, in which
the trial court imposed deferred adjudication probation, through an appeal taken at the time. See Tex. Code
Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 2003); see also Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim.
App. 2001); Manual v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). He did not do so. Further,
no appeal lies from the trial court's decision to adjudicate Hawkins's guilt in the first case. See Tex. Code
Crim. Proc. Ann. art. 42.12, §§ 5(b) (Vernon Supp. 2003); see also Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999). Hawkins also could have appealed, at the time, the trial court's imposition of regular
community supervision in both cases, but he did not do so. See Corley v. State, 782 S.W.2d 859, 860 (Tex.
Crim. App. 1989). Thus, we would be required to overrule as untimely any arguable issues in the original
imposition of deferred adjudication probation in the first case or the imposition of regular community
supervision in both cases. See Tex. R. App. P. 26.2(a). However, Hawkins's appeals require exercise of our
review power to the extent they relate to the revocations of his community supervision after his pleas of true
in both cases. See Feagin, 967 S.W.2d at 419. We turn first to Anders counsel's professional evaluation of
any arguable issues on appeal.

 

A. Anders Brief


 Hawkins's court-appointed counsel filed a brief in which he concludes that the appeals are frivolous. See
Anders, 386 U.S. at 744-45. Counsel has certified that: (1) he diligently reviewed the entire appellate record
in both cases; (2) in his opinion, the appeals are frivolous because the records reflect no reversible error; (3) in
his opinion, there are no grounds on which an appeal can be predicated; (4) he served copies of the reporter's
records and the brief on Hawkins at the time of filing; (5) he informed Hawkins by accompanying letter that it
is the opinion of counsel that the appeals are without merit and that Hawkins has the right to review the
records and file a pro se brief raising any issue on appeal or complaint he may desire; and (6) he filed a motion
to extend the time to file a brief requesting Hawkins be afforded an additional thirty days from the date he
received the record to file a pro se brief if he chose to do so. See Anders, 386 U.S. at 744-45; see also High v.
State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). More than thirty days have passed. 
Hawkins has not filed a pro se brief. See McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975).

 Counsel has caused to be provided as part of the appellate record a record of the proceedings of each stage
of both of Hawkins's cases, including the initial pleas, the initial sentencing, the motion to adjudicate guilt and
the sentencing in the first case, the motions to revoke community supervision in both cases, and the resulting
sentencing in both cases. In the brief, counsel asserted there are no arguable points of error. 

 An Anders brief must provide references to both legal precedent and pages in the record to demonstrate why
there are no arguable grounds to be advanced. High, 573 S.W.2d at 812. Counsel's brief does not advance
any arguable grounds of error, but does contain a professional evaluation of the record demonstrating why, in
effect, there are no arguable grounds to be advanced. Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App.
1974). While arguable grounds of error should be advanced by counsel as required by Anders, if there are
any, we do not interpret Anders as requiring appointed counsel to make arguments counsel would not
consider worthy of inclusion in a brief for a paying client or to urge reversal if in fact counsel finds no arguable
issue to appeal. Id. We hold that counsel's brief is not the "conclusory statement" decried by Anders. Id. 

 Next, we independently review the record for error, as we must, with regard to the regular community
supervision revocation proceedings. See Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Ybarra v. State, 93
S.W.3d 922, 926 (Tex. App.-Corpus Christ 2002, no pet.). 

B. Independent Review of the Record


 The State's motions to revoke alleged that Hawkins violated the terms and conditions of his community
supervision ordered in both cases that required that he: (1) not use or possess any drug except under the order
of his doctor; (2) verify performing 400 hours of community service; and (3) pay the assessed fines and fees.
The State alleged Hawkins violated these terms and conditions by: (1) testing positive for the drug PCP; (2)
not providing the required verification that he had performed his community service; and (3) not paying the
assessed fines and fees. 

 Hawkins pleaded true to testing positive for PCP and failing to pay the assessed fines and fees as alleged in
both cases. He pleaded not true to failing to verify the community service he had performed. The trial court
accepted Hawkins's pleas of true and found true the allegations of testing positive for PCP and failing to pay
fees. The trial court found not true the allegations regarding verification of community service. 

 Hawkins's pleas of true supported revocation of his community supervision. See Cole v. State, 578 S.W.2d
127, 128 (Tex. Crim. App. [Panel Op.] 1979). Moreover, our review of the record reveals no jurisdictional
defects in the revocation proceedings. The indictments conferred jurisdiction on the trial court and provided
Hawkins with sufficient notice. Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp.
2003); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). Further, the motions to revoke
provided Hawkins with sufficient notice of the violations alleged by the State and satisfied the requisites of
due process. See Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977). Also, the records reveal
that the trial court properly admonished Hawkins before he pleaded true and that his pleas of true were
knowing and voluntary. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Finally, the
cases were properly consolidated. See Tex. Penal Code Ann. § 3.02 (Vernon 1994). We find no arguable
error in the revocation proceedings. 

 During the sentencing phase, defense counsel asked the trial court to send Hawkins to the Substance Abuse
Felony Punishment Facility (SAFPF) to give him an opportunity to address his drug problem by continuing his
community supervision. The court revoked community supervision in both cases and imposed penitentiary
time instead. We review a sentence imposed by the trial court for abuse of discretion. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general rule, to preserve error for appellate review, Hawkins
must have made a timely, specific objection, at the earliest opportunity, and obtained an adverse ruling. Tex.
R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Hawkins did not object at
sentencing on any basis, including abuse of discretion. We find that he waived any challenge to the sentence
imposed in each case. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Moreover, the
sentences assessed in both cases were within the statutorily permissible range and were based on admissible
evidence introduced at the revocation proceeding. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973). We find no arguable error in the sentencing phase of the revocation proceedings. 

C. Conclusion


 Accordingly, our independent review of the record finds that Hawkins's appeals are frivolous. We conclude
that Hawkins's appeals are without merit. We affirm the judgments and sentences of the trial court. 

D. Motion to Withdraw


 An appellate court may grant counsel's motion to withdraw filed in connection with an Anders brief. Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971);see Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App.1991) (noting that Andersbrief should be filed with request for withdrawal from case). Counsel in
these cases has not requested to withdraw from further representation of Hawkins on appeal. We hereby
order counsel to advise Hawkins of the disposition of this case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). We further order counsel to file any motion
to withdraw as court-appointed counsel with this Court within ten days of the date of this opinion. 




ERRLINDA CASTILLO

Justice

Publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 14th day of August, 2003.