NUMBER 13-09-00217-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ALFONSO LARA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Benavides and Vela


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Alfonso Lara, appeals from the revocation of his probation and imposition
of a sentence of five years' imprisonment in trial court cause number 02-CR-2515-C, as
well as the trial court's extension of his probation in trial court cause number 07-CR-1220-C
to ten years. By two issues, Lara contends that: (1) the trial court's order revoking
probation in trial court cause number 02-CR-2515-C and extending the period of probation
in trial court cause number 07-CR-1220-C amounted to effectively running the sentences
consecutively; and (2) trial counsel was ineffective. We affirm.

I. Background

 On July 25, 2002, Lara was indicted on one count of aggravated assault with a
deadly weapon, a second-degree felony. See Tex. Penal Code Ann. § 22.02(a)(2), (b)
(Vernon Supp. 2009). On November 22, 2002, Lara pleaded guilty in trial court cause
number 02-CR-2515-C. The trial court sentenced Lara to five years' imprisonment,
probated for five years, and ordered Lara to pay a $500 fine.

 On April 23, 2007, the State filed a motion to revoke Lara's probation in trial court
cause number 02-CR-2515-C, alleging that Lara violated several conditions of his
probation by: (1) committing the offense of assault causing bodily injury on or about
October 4, 2006; (1) (2) failing to report; and (3) failing to pay various court costs, fines, and
fees. Lara pleaded "true" to the allegations, and on May 20, 2007, the trial court signed
an order imposing sanctions and extending the period of probation by two years. 

 On July 23, 2007, Lara pleaded guilty in trial court cause number 07-CR-1220-C on
one count of assault causing bodily injury, a third-degree felony. See id. § 22.01(a)(1), (b)
(Vernon Supp. 2009). The trial court sentenced Lara to ten years' imprisonment; however,
the sentence was suspended, and Lara was placed on community supervision for three
years, to run concurrently with trial court cause number 02-CR-2515-C.

 On May 19, 2008, the State filed a motion to revoke probation in both trial cause
number 02-CR-2515-C and 07-CR-1220-C. In trial court cause number 02-CR-2515-C,
Lara pleaded "true" to allegations that he failed to: (1) report on February 15, 2008, March
6, 2008, March 24, 2008; (2) complete twenty-six hours of community service restitution
in lieu of court costs; (3) complete forty hours of community service restitution in lieu of the
fine; (4) pay monthly supervision fees; (5) provide verification of attendance in Alcoholics
Anonymous; (6) provide verification of attendance in an anger management program; and
(7) report to the Texas Workforce Commission. In trial court cause number 07-CR-1220-C,
Lara pleaded "true" to allegations that he failed to: (1) report on February 15, 2008, March
6, 2008, March 24, 2008; (2) pay monthly costs and fees; (3) provide verification of
attendance in Batterers Anonymous; and (4) report to the Texas Workforce Commission. 
The trial court signed an order in trial court cause number 02-CR-2515-C, imposing
sanctions on Lara by placing him on an intensive or maximum probation program, and in
trial court cause number 07-CR-1220-C, ordering Lara to serve 174 days in the Nueces
County jail. Additionally, the trial court continued Lara on probation in both cause numbers.

 On February 20, 2009, the state again filed a motion to revoke probation in trial
court cause numbers 02-CR-2515-C and 07-CR-1220-C. Lara pleaded "true" to allegations
that he failed to: (1) report on December 15, 2008, December 29, 2008 and February 5,
2009; (2) pay supervisory fees in trial court cause number 07-CR-1220-C; and (3) pay
various court costs and fines in trial court cause number 02-CR-2515. After a hearing, the
trial court revoked Lara's probation in trial court cause number 02-CR-2515-C and
sentenced him to five years' imprisonment. In trial court cause number 07-CR-1220-C, the
trial court signed an order imposing sanctions and extending the period of probation by
seven years. 

 Lara timely filed a notice of appeal and motion for new trial. After holding a hearing,
the trial court denied Lara's motion for new trial. This appeal ensued.

II. Jurisdiction

 We begin by noting that a defendant may not appeal a trial court order that modifies
community supervision. See Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); 
Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); Lovill v. State, 287 S.W.3d 65,
74 (Tex. App.-Corpus Christi 2008), rev'd on other grounds, No. PD-0401-09, 2009 WL
4827511 (Tex. Crim. App. Dec. 16, 2009). Therefore, this Court lacks jurisdiction to
consider an appeal in trial court cause number 07-CR-1220-C. Lara acknowledges that
we lack jurisdiction over trial court cause number 07-CR-1220-C and appeals only the five-year sentence imposed in trial court cause number 02-CR-2515-C.

III. Order of Revocation

 In his first issue, Lara contends that the trial court erred by simultaneously revoking
probation in trial court cause number 02-CR-2515-C and extending the period of probation
in trial court cause number 07-CR-1220-C. Lara argues that the trial court's July 23, 2007
judgment on trial court cause number 07-CR-1220-C provided a "guarantee" that the
"sentences" imposed in trial court cause numbers 02-CR-2515-C and 07-CR-1220-C would
run concurrently. Lara asserts that the trial court's subsequent imposition of a five-year
sentence in trial court cause number 02-CR-2515-C, combined with its extension of
community supervision in trial court cause number 07-CR-1220-C, amounts to an
imposition of consecutive sentences. We disagree.

 The sentence and conditions of community supervision constitute separate parts
of the judgment; as such, community supervision is not viewed as part of the sentence. 
Speth v. State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). "The [c]ode of [c]riminal
[p]rocedure defines community supervision as involving a suspension of the sentence." 
Id. (citing Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp. 2009)) (emphasis
in original). Moreover, "community supervision is an arrangement in lieu of the sentence,
not as part of the sentence." Id. (citing Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a))
(emphasis in original). By extending the term of Lara's community supervision by seven
years, the trial court did not impose a sentence in trial court cause number 07-CR-1220-C;
instead, it merely lengthened the suspension of Lara's sentence. See id. 

 A trial court may, in its discretion, "stack" a sentence imposed with a suspended
sentence by running a prison term consecutively with a period of community supervision. 
See Pettigrew v. State, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001); see also Tex. Code
Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2009). However, where the record is silent
as to any order of cumulation of sentences, the sentence, either imposed or suspended,
will automatically run concurrently with any other outstanding sentence. See Ex Parte
Thompson, 273 S.W.3d 177, 178 n.3 (Tex. Crim. App. 2008). Lara does not argue that the
trial court entered a cumulation order, and none appears in the record. We, therefore,
conclude that the sentence imposed in trial court cause number 02-CR-2515-C and the
suspended sentence in trial court cause number 07-CR-1220-C run concurrently. Because
community supervision is a suspended sentence and Lara's suspended sentence runs
concurrently with the sentence imposed in trial court cause number 02-CR-2515-C, we
overrule his first issue.

IV. Ineffective Assistance of Counsel

 In his second issue, Lara contends that his trial counsel was ineffective for allowing
him to plead "true" to certain violations of his probation, which, at the motion for new trial,
Lara presented evidence to challenge.

A. Standard of Review

 Although the constitutional right to counsel ensures the right to reasonably effective
counsel, it does not guarantee errorless counsel whose competency or accuracy of
representation is to be judged by perfect hindsight. Rylander v. State, 101 S.W.3d 107,
110 (Tex. Crim. App. 2003). To prove ineffective assistance of counsel, Lara must show
that (1) counsel's advice was not within the range of competence demanded of attorneys
in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the
defendant would not have pleaded guilty and would have insisted on going to trial. Mitich
v. State, 47 S.W.3d 137, 140-41 (Tex. App.-Corpus Christi 2001, no pet.) (citing Hill v.
Lockhart, 474 U.S. 52, 58 (1985)); see also Ex Parte Morrow, 952 S.W.2d 530, 536 (Tex.
Crim. App. 1997). Under the first prong of this test, Lara must overcome a strong
presumption that trial counsel was competent. See Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). Under the second prong, we consider the circumstances
surrounding the plea and the gravity of the alleged ineffective assistance as it pertained
to Lara's plea determination. Ex Parte Moody, 991 S.W.2d 856, 858 (Tex. Crim. App.
1999).

B. Analysis

 On appeal, Lara argues that his attorney "ill advised him . . . to proceed with a plea
of true . . . without introducing evidence that he had, at least, partially complied with the
conditions . . . ." However, this argument varies greatly from the ineffective assistance of
counsel argument advanced during the trial court's hearing on Lara's motion for new trial.

 At the hearing on his motion for new trial, appellate counsel argued that after filing
its motion to revoke, the State offered to recommend that Lara's probation be revoked in
both cases and that Lara serve two years' imprisonment. Lara declined to take the State's
offer and, instead, pleaded "true" with the hope that the trial court would choose to continue
his probation in both cause numbers. In his affidavit attached to his motion for new trial,
Lara asserted that trial counsel was ineffective, arguing, "If he [trial counsel] had told me
that my chance of receiving a reinstatement based on the allegations in the Motion to
Revoke was not likely, then I would have agreed to the two[-]year recommendation made
by the state, but I did not fully understand the consequences of turning it down." 

 At the hearing on the motion for new trial, Lara presented evidence that he had
made three payments to the probation department and attended a support group on four
occasions. However, Lara's ineffective assistance of counsel arguments focused on trial
counsel's lack of insistence that Lara take the State's offer of two years' imprisonment. 
There is no evidence in the record of the advice that trial counsel gave to Lara concerning
his plea, trial counsel's knowledge of Lara's later-revealed partial compliance with the
conditions of his community supervision, or whether Lara would have chosen to plead "not
true" if trial counsel had known of the partial compliance and had given different advice. 
Lara has presented no evidence that his attorney's actions were outside the range of
competence demanded by attorneys in criminal cases, and we find no evidence in the
record to support such a conclusion. See Mitich, 47 S.W.3d at 141. Lara's second issue
is overruled. 

V. Conclusion

 Having overruled all of Lara's issues on appeal, we affirm the trial court's judgment.


 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

27th day of May, 2010. 
1. Trial court cause number 07-CR-1220-C was assigned to the October 4, 2006 offense.