

NUMBER 13-09-00217-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALFONSO LARA,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Alfonso Lara, appeals from the revocation of his probation and imposition

of a sentence of five years' imprisonment in trial court cause number 02-CR-2515-C, as

well as the trial court's extension of his probation in trial court cause number 07-CR-1220-C

to ten years. By two issues, Lara contends that: (1) the trial court's order revoking

probation in trial court cause number 02-CR-2515-C and extending the period of probation in trial court cause number 07-CR-1220-C amounted to effectively running the sentences consecutively; and (2) trial counsel was ineffective. We affirm.

## I. BACKGROUND

On July 25, 2002, Lara was indicted on one count of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (Vernon Supp. 2009). On November 22, 2002, Lara pleaded guilty in trial court cause number 02-CR-2515-C. The trial court sentenced Lara to five years' imprisonment, probated for five years, and ordered Lara to pay a $500 fine.

On April 23, 2007, the State filed a motion to revoke Lara's probation in trial court cause number 02-CR-2515-C, alleging that Lara violated several conditions of his probation by: (1) committing the offense of assault causing bodily injury on or about October 4, 2006;[1] (2) failing to report; and (3) failing to pay various court costs, fines, and fees. Lara pleaded "true" to the allegations, and on May 20, 2007, the trial court signed an order imposing sanctions and extending the period of probation by two years.

On July 23, 2007, Lara pleaded guilty in trial court cause number 07-CR-1220-C on one count of assault causing bodily injury, a third-degree felony. *See id.* § 22.01(a)(1), (b) (Vernon Supp. 2009). The trial court sentenced Lara to ten years' imprisonment; however, the sentence was suspended, and Lara was placed on community supervision for three years, to run concurrently with trial court cause number 02-CR-2515-C.

On May 19, 2008, the State filed a motion to revoke probation in both trial cause number 02-CR-2515-C and 07-CR-1220-C. In trial court cause number 02-CR-2515-C,

---

[1] Trial court cause number 07-CR-1220-C was assigned to the October 4, 2006 offense.

Lara pleaded "true" to allegations that he failed to: (1) report on February 15, 2008, March 6, 2008, March 24, 2008; (2) complete twenty-six hours of community service restitution in lieu of court costs; (3) complete forty hours of community service restitution in lieu of the fine; (4) pay monthly supervision fees; (5) provide verification of attendance in Alcoholics Anonymous; (6) provide verification of attendance in an anger management program; and (7) report to the Texas Workforce Commission. In trial court cause number 07-CR-1220-C, Lara pleaded "true" to allegations that he failed to: (1) report on February 15, 2008, March 6, 2008, March 24, 2008; (2) pay monthly costs and fees; (3) provide verification of attendance in Batterers Anonymous; and (4) report to the Texas Workforce Commission. The trial court signed an order in trial court cause number 02-CR-2515-C, imposing sanctions on Lara by placing him on an intensive or maximum probation program, and in trial court cause number 07-CR-1220-C, ordering Lara to serve 174 days in the Nueces County jail. Additionally, the trial court continued Lara on probation in both cause numbers.

On February 20, 2009, the state again filed a motion to revoke probation in trial court cause numbers 02-CR-2515-C and 07-CR-1220-C. Lara pleaded "true" to allegations that he failed to: (1) report on December 15, 2008, December 29, 2008 and February 5, 2009; (2) pay supervisory fees in trial court cause number 07-CR-1220-C; and (3) pay various court costs and fines in trial court cause number 02-CR-2515. After a hearing, the trial court revoked Lara's probation in trial court cause number 02-CR-2515-C and sentenced him to five years' imprisonment. In trial court cause number 07-CR-1220-C, the trial court signed an order imposing sanctions and extending the period of probation by seven years.

Lara timely filed a notice of appeal and motion for new trial. After holding a hearing,

the trial court denied Lara's motion for new trial.  This appeal ensued.

## II. JURISDICTION

We begin by noting that a defendant may not appeal a trial court order that modifies community supervision.  *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Lovill v. State*, 287 S.W.3d 65, 74 (Tex. App.–Corpus Christi 2008), *rev'd on other grounds*, No. PD-0401-09, 2009 WL 4827511 (Tex. Crim. App. Dec. 16, 2009).  Therefore, this Court lacks jurisdiction to consider an appeal in trial court cause number 07-CR-1220-C.  Lara acknowledges that we lack jurisdiction over trial court cause number 07-CR-1220-C and appeals only the five-year sentence imposed in trial court cause number 02-CR-2515-C.

## III. ORDER OF REVOCATION

In his first issue, Lara contends that the trial court erred by simultaneously revoking probation in trial court cause number 02-CR-2515-C and extending the period of probation in trial court cause number 07-CR-1220-C.  Lara argues that the trial court's July 23, 2007 judgment on trial court cause number 07-CR-1220-C provided a "guarantee" that the "sentences" imposed in trial court cause numbers 02-CR-2515-C and 07-CR-1220-C would run concurrently.  Lara asserts that the trial court's subsequent imposition of a five-year sentence in trial court cause number 02-CR-2515-C, combined with its extension of community supervision in trial court cause number 07-CR-1220-C, amounts to an imposition of consecutive sentences.  We disagree.

The sentence and conditions of community supervision constitute separate parts

4

of the judgment; as such, community supervision is not viewed as part of the sentence. *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). "The [c]ode of [c]riminal [p]rocedure defines community supervision as involving a *suspension of the sentence*." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp. 2009)) (emphasis in original). Moreover, "community supervision is an arrangement *in lieu* of the sentence, *not as part of* the sentence." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a)) (emphasis in original). By extending the term of Lara's community supervision by seven years, the trial court did not impose a sentence in trial court cause number 07-CR-1220-C; instead, it merely lengthened the suspension of Lara's sentence. *See id.*

A trial court may, in its discretion, "stack" a sentence imposed with a suspended sentence by running a prison term consecutively with a period of community supervision. *See Pettigrew v. State*, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2009). However, where the record is silent as to any order of cumulation of sentences, the sentence, either imposed or suspended, will automatically run concurrently with any other outstanding sentence. *See Ex Parte Thompson*, 273 S.W.3d 177, 178 n.3 (Tex. Crim. App. 2008). Lara does not argue that the trial court entered a cumulation order, and none appears in the record. We, therefore, conclude that the sentence imposed in trial court cause number 02-CR-2515-C and the suspended sentence in trial court cause number 07-CR-1220-C run concurrently. Because community supervision is a suspended sentence and Lara's suspended sentence runs concurrently with the sentence imposed in trial court cause number 02-CR-2515-C, we overrule his first issue.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Lara contends that his trial counsel was ineffective for allowing him to plead "true" to certain violations of his probation, which, at the motion for new trial, Lara presented evidence to challenge.

### A.    Standard of Review

Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by perfect hindsight. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). To prove ineffective assistance of counsel, Lara must show that (1) counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Mitich v. State*, 47 S.W.3d 137, 140-41 (Tex. App.–Corpus Christi 2001, no pet.) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also Ex Parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Under the first prong of this test, Lara must overcome a strong presumption that trial counsel was competent. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under the second prong, we consider the circumstances surrounding the plea and the gravity of the alleged ineffective assistance as it pertained to Lara's plea determination. *Ex Parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999).

### B.    Analysis

On appeal, Lara argues that his attorney "ill advised him . . . to proceed with a plea of true . . . without introducing evidence that he had, at least, partially complied with the conditions . . . ." However, this argument varies greatly from the ineffective assistance of counsel argument advanced during the trial court's hearing on Lara's motion for new trial.

At the hearing on his motion for new trial, appellate counsel argued that after filing its motion to revoke, the State offered to recommend that Lara's probation be revoked in both cases and that Lara serve two years' imprisonment. Lara declined to take the State's offer and, instead, pleaded "true" with the hope that the trial court would choose to continue his probation in both cause numbers. In his affidavit attached to his motion for new trial, Lara asserted that trial counsel was ineffective, arguing, "If he [trial counsel] had told me that my chance of receiving a reinstatement based on the allegations in the Motion to Revoke was not likely, then I would have agreed to the two[-]year recommendation made by the state, but I did not fully understand the consequences of turning it down."

At the hearing on the motion for new trial, Lara presented evidence that he had made three payments to the probation department and attended a support group on four occasions. However, Lara's ineffective assistance of counsel arguments focused on trial counsel's lack of insistence that Lara take the State's offer of two years' imprisonment. There is no evidence in the record of the advice that trial counsel gave to Lara concerning his plea, trial counsel's knowledge of Lara's later-revealed partial compliance with the conditions of his community supervision, or whether Lara would have chosen to plead "not true" if trial counsel had known of the partial compliance and had given different advice. Lara has presented no evidence that his attorney's actions were outside the range of

7

competence demanded by attorneys in criminal cases, and we find no evidence in the record to support such a conclusion. *See Mitich*, 47 S.W.3d at 141. Lara's second issue is overruled.

## V. CONCLUSION

Having overruled all of Lara's issues on appeal, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
27th day of May, 2010.

8